### *In re* SOUTHERN BOULEVARD R. Co.

(*Supreme Court, General Term, First Department.* February 18, 1892.)

EMINENT DOMAIN—DISCONTINUANCE OF PROCEEDINGS—RIGHTS OF OWNERS.

An injunction obtained by an abutting owner, to restrain the construction of a railway, was vacated on the condition that defendant should stipulate to prosecute the work vigorously to completion, and give an undertaking to indemnify plaintiff against damages. *Held,* that defendant could not thereafter dismiss condemnation proceedings commenced against plaintiff, whether plaintiff might or might not reinstate the injunction. ·

Appeal from special term, New York county.

Proceedings by the Southern Boulevard Railroad Company to acquire the right to construct its road in the Southern boulevard, in the city of New York. The company applied to discontinue its proceedings, and the application was resisted by Paul Spofford's devisees, E. Woodbury, Pauline S. Pearsall, and others. The application was denied, and the company appeals. For former reports, see 4 N. Y. Supp. 388, and 12 N. Y. Supp. 466. Affirmed.

Argued before VAN BRUNT, P. J., and INGRAHAM and PATTERSON, JJ.

*Hoadly, Lauterbach & Johnson,* (*Edward Lauterbach,* of counsel,) for appellant. *Stimson & Williams,* (*Wm. Pierrepont Williams,* of counsel,) for respondents Paul Spofford and others. *Seward, Da Costa & Guthrie,* for respondents E. Woodbury and others. *Shearman & Sterling,* for respondents Pauline S. Pearsall and others.

VAN BRUNT, P. J. In January, 1890, the appellant commenced this proceeding to acquire the easement to construct and maintain a street railroad in the city of New York, along a portion of the Southern boulevard, in which Paul Spofford, now deceased, had an interest. His devisees and their legal representatives duly appeared, and in February an order was entered, appointing commissioners to condemn the easement. In April the commissioners made an award, in which they awarded damages to the representatives of Spofford to the amount of six cents; and in May an order was made, confirming the award. On appeal to the general term this order was reversed, and the appraisal vacated, and a new appraisal directed to be had before the same commissioners. An appeal was taken to the court of appeals from the order of the general term, which was dismissed in June, 1891. In October, 1891, the appellant made application for an order discontinuing the proceedings, upon the ground that section 18 of chapter 140 of the Laws of 1850 provides that the second appraisal, when confirmed by the special term, shall be final; and it therefore precludes the possibility, on the part of the railroad company, of ever having the question of the excessiveness of the award reviewed by the general term. This application was denied, and from the order thereupon entered this appeal is taken.

It appears from the papers presented upon this appeal that in August, 1888, an action wherein the representatives of Spofford were plaintiffs was commenced against the appellant to restrain the construction of the railway upon the property affected by this proceeding, in which action a preliminary injunction was granted, and was only vacated upon the condition that the appellant should give a stipulation to vigorously prosecute the proceedings to acquire the right to construct and operate the street surface railroad, and also give an undertaking in the sum of $5,500 to indemnify the plaintiffs against any

loss which they might sustain by reason of the vacation of the injunction order; the sum awarded in the condemnation proceedings for the value of the plaintiffs' interest in the land taken, with interest thereon from the date of the award, to be taken as part of the damages that the plaintiffs might recover upon the undertaking. It is urged that rights under the undertaking which has been referred to would be imperiled if this proceeding were discontinued, as it would probably not be held that its condition extended to other proceedings than the condemnation proceedings therein referred to, which are the proceedings which it is now sought to discontinue, and also that such discontinuance would be a violation of the terms of the stipulation above mentioned. It is urged upon the part of the appellant that the petitioner has an absolute right to discontinue, and, even if it has not, as matter of right, nevertheless the equity of its application should induce the court to confer such right upon it. Without considering the question as to whether the petitioner may discontinue its proceeding as matter of right, it seems to be sufficient now to say that its discontinuance would certainly imperil the rights of the respondents under the undertaking which has been given, and would seem to be a violation of the stipulation which was given as a condition of vacating the injunction referred to. It is no answer to this position to say that if that stipulation was violated the remedy for the respondents was the reinstatement of the injunction. The appellant has been pursuing these condemnation proceedings, apparently, in consequence of the giving of that stipulation; and the respondents have been relying upon its terms, and the protection which the undertaking gave to them. They therefore have a right to claim that these proceedings shall be continued in such a manner as will protect them in their undertaking, and also in a manner which conforms to the spirit of the injunction. They are to be vigorously prosecuted, which evidently means with the utmost diligence; and the discontinuance of these proceedings, and the commencement of new ones, would deprive the respondents of their rights under the undertaking, and would be a palpable violation of the spirit of the stipulation. It seems to us, therefore, that even if, under ordinary circumstances, the appellant might have an absolute right to discontinue, yet, the respondents having acquired rights which would thereby be imperiled, such absolute right was voluntarily relinquished by the appellant.

Upon the whole case, we are of opinion that the court was right in refusing to permit the discontinuance, and that the appellant should be compelled to continue the proceeding for the purpose of condemnation. The order appealed from should be affirmed, with costs. All concur.